IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHEDRICK E. MOORE §<br>§<br>Petitioner, §<br>§<br>VS. §<br>§ NO. 3-09-CV-2177-O<br>RICK THALER, Director §<br>Texas Department of Criminal Justice, §<br>Correctional Institutions Division §<br>§<br>Respondent. § | |

**FINDINGS AND RECOMMENDATION OF THE**
**<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Shedrick E. Moore, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 2001, petitioner was convicted of aggravated sexual assault of a child and sentenced to 50 years confinement. His conviction and sentence were affirmed on direct appeal. *Moore v. State*, No. 05-01-00586-CR, 2002 WL 660186 (Tex. App.--Dallas, Apr. 23, 2002, pet. ref'd). Petitioner also filed an application for state post-conviction relief. The application was denied. *Ex parte Moore*, WR-66,476-03, 2009 WL 3368724 (Tex. Crim. App. Oct. 21, 2009). Petitioner then filed this action in federal district court.

II.

In three grounds for relief, petitioner contends that: (1) the evidence was insufficient to support his conviction; (2) he received ineffective assistance of counsel at trial; and (3) he received

ineffective assistance of counsel on appeal.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a pleading filed on February 16, 2010. The court now determines that this case should be dismissed on limitations grounds.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *Id.* § 2244(d)(2). The AEDPA statute of limitations is also subject to equitable tolling in "rare and

exceptional" circumstances. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 1474 (1999).

B.

Petitioner was sentenced to 50 years in prison for aggravated sexual assault of a child. The court of appeals affirmed his conviction on April 23, 2002. The Texas Court of Criminal Appeals refused a petition for discretionary review on September 11, 2002. Therefore, petitioner's conviction became final 90 days thereafter, or December 10, 2002, when the deadline for filing a petition for writ of certiorari expired. *See* S.Ct. R. 13.1 (90-day deadline for filing petition for writ of certiorari to United States Supreme Court); *Roberts v. Cockrell*, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires). Petitioner filed an application for state post-conviction relief on April 22, 2009. The application was denied on October 21, 2009. Petitioner filed this action in federal court on November 5, 2009.

The AEDPA statute of limitations started to run on December 10, 2002, when petitioner's conviction became final. *See* 28 U.S.C. § 2244(d)(1)(A). Yet petitioner waited more than *six years* before seeking post-conviction relief in state or federal court. In an attempt to excuse this delay, petitioner argues that copies of his state court records were destroyed by prison authorities in 2003, and the state court refused to provide him with a free transcript in 2004. (*See* Pet. Reply Br. at 2 & Exh. A). However, the Fifth Circuit has held that a prisoner is not entitled to equitable tolling of the AEDPA statute of limitations because he is unable to obtain a free transcript. *See Johnson v. Johnson*, 194 F.3d 1309 (Table), 1999 WL 767047 at *1 (5th Cir. Sept. 3, 1999). Nor do "problems associated with obtaining transcripts and trial records for preparing a habeas corpus petition [ ] amount to 'state-created impediments,' setting off the commencement date of the limitations period."

*Cole v. Director, TDCJ-CID*, No. 6-09-CV-128, 2009 WL 1468470 at *2 (E.D. Tex. May 26, 2009) (citing cases). Without a basis for statutory or equitable tolling of the one-year statute of limitations, petitioner's claims are time-barred and should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 26, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE